IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00515-BNB

STEVEN T. HADEN,

    Plaintiff,

v.

ARI ZAVARAS, Director of the Colorado Department of Corrections,
STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
MAJOR CONNORS, Supervisor, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
CAPTAIN PADILLA, Supervisor, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility,
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed to oversee, supervise, or train those responsible, as well as each of their Officers, Agents, and Successors, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE THIRD AND FINAL AMENDED COMPLAINT

---

Plaintiff, Steven T. Haden, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista Correctional Facility. On April 2, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Haden to file within

thirty days a second amended complaint that was on the court-approved form, and that alleged the personal participation of all named defendants. After receiving an extension of time, Mr. Haden filed a second amended complaint on May 3, 2010.

The Court must construe the second amended complaint liberally because Mr. Haden is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Haden will be directed to file a third and final amended complaint.

The Court has reviewed Mr. Haden's second amended complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Haden fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are repetitive, verbose and confusing. In the second amended complaint, he sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For example, in Mr. Haden's fourth claim, which alleges "retaliatory treatment," Mr. Haden sets forth nine separate claims against at least ten different defendants. As a result, the Court finds that the complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Haden fails to understand that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Mr. Haden must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

As Magistrate Judge Boland explained in the April 2 order for a second amended

3

complaint, in order to state a claim in federal court, Mr. Haden "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Haden will be given a final opportunity to cure the deficiencies in his second amended complaint by submitting a third and final amended complaint that complies with Fed. R. Civ. P. 8. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Steven T. Haden, **within thirty (30) days from the date of this order**, file a third and final amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the third and final amended complaint shall be titled "Third and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United

States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Haden, together with a copy of this order, two copies of the following form to be used in submitting the third and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Haden fails to file a third and final amended complaint that complies with this order within the time allowed, the second amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 13th day of May, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00515-BNB

Steven T. Haden
Prisoner No. 118881
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 5/13/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk