IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 2 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00515-BNB

STEVEN T. HADEN,

    Plaintiff,

v.

ARI ZAVARAS, Director, Colorado Department of Corrections,
STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
CHIEF OF PSYCHIATRY and CHIEF MEDICAL OFFICER, Colorado Department of Corrections,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility,
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed to oversee, supervise, or train those responsible, as well as each of their Officers, Agents, and Successors, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Defendants.

---

### ORDER DENYING PRELIMINARY INJUNCTION

---

This matter is before the Court on the motion for preliminary injunction that Plaintiff, Steven T. Haden, filed *pro se* with the Court on April 15, 2010. Mr. Haden is a

prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Buena Vista Correctional Facility. In the motion for preliminary injunction, Mr. Haden complains that he is "being denied adequate and sanitary housing; adequate medical and mental health care; [and] adequate opportunity to practice religion." Motion for Preliminary Injunction at 2. As relief, Plaintiff requests that all named Defendants be "restrained from: harassing, intimidating, threating [sic], tormenting plaintiff." *Id.*

The Court must construe liberally the motion for a preliminary injunction because Mr. Haden is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

In the Motion for Preliminary Injunction, Mr. Haden makes no attempt to satisfy any of the four factors required for a preliminary injunction to issue. *See Lundgrin*, 619

2

F.2d at 63. Indeed, the Motion for Preliminary Injunction is vague, conclusory and devoid of any factual allegations. As such, Mr. Haden does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for preliminary injunction that Plaintiff Steven T. Haden filed with the Court on April 15, 2010 is denied.

DATED at Denver, Colorado, this  1st  day of  July , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-00515-BNB

Steven T. Haden
Prisoner No. 118881
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/2/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk