IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00515-BNB

STEVEN T. HADEN,

    Plaintiff,

v.

ARI ZAVARAS, Director, Colorado Department of Corrections,
STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
CHIEF OF PSYCHIATRY and CHIEF MEDICAL OFFICER, Colorado Department of Corrections,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility,
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed to oversee, supervise, or train those responsible, as well as each of their Officers, Agents, and Successors, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Steven T. Haden, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Buena Vista Correctional

Facility. Mr. Haden filed a *pro se* prisoner complaint on March 5, 2010, and amended complaint on March 11, 2010, asserting that his rights under the United States Constitution have been violated. He has been granted leave to proceed *in forma pauperis*.

On April 2, 2010, Magistrate Judge Boyd N. Boland determined that the amended complaint was deficient for failure to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland ordered Mr. Haden to file a second amended prisoner complaint. Mr. Haden filed a second amended prisoner complaint on May 3, 2010.

On May 13, 2010, Magistrate Judge Craig B. Shaffer determined that the second amended complaint was deficient for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Shaffer ordered Mr. Haden to file a third and final amended complaint, which he filed on June 7, 2010.

The Court must construe the third amended prisoner complaint liberally because Mr. Haden is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the third amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

In the third amended complaint, Mr. Haden asserts four claims. In his first claim, he asserts that Defendants Green, Dunbar, Coleman, Brunnell, Bartruff, Connors, Smethers and Ortega have subjected him to dangerous and unsanitary living conditions. Mr. Haden alleges that the dangerous and unsanitary living conditions at Buena Vista Correctional Facility include poor air circulation and ventilation, contamination by insects, rats and mice, and exposure to asbestos, lead paint, mold and mildew. Mr. Haden further alleges that exposure to these living conditions has caused him to suffer from allergic reactions, difficulty breathing, skin rashes, a staph infection and scabies. In his second claim, Mr. Haden alleges that Defendants Shephard and Smith have been deliberately indifferent to his serious medical needs, because they have denied or delayed his access to medications needed to treat his bipolar disorder. In his third claim, Mr. Haden asserts that Defendants Dansdill and Dent have violated his First Amendment right to practice his religion, because they have denied him access to kosher food. In his fourth claim, Mr. Haden alleges that Defendants Dunbar, Bartruff, Brunnell, McCormack, Lague, Bland, Green, and Lengerich have retaliated against him for filing grievances and lawsuits by denying him a transfer, failing to transport him to work and subjecting him to unnecessary strip searches.

However, the Court notes that Mr. Haden is suing Defendants Ari Zavaras, Chief of Psychiatry, Chief Medical Officer and John Suthers because these Defendants allegedly are responsible for the constitutional violations committed by their subordinates or employees. These allegations fail to establish the personal participation of these Defendants. Mr. Haden was previously warned by Magistrate

Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Haden has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Haden fails to assert that Defendants Ari Zavaras, Chief of Psychiatry, Chief Medical Officer and John Suthers personally participated in violating his constitutional rights, they are improper parties to the action and will be dismissed.

The Court will not address at this time the merits of Mr. Haden's constitutional claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendants Ari Zavaras, Chief of Psychiatry, Chief Medical Officer and John Suthers are dismissed as parties to this action for lack of personal participation. The Clerk of the Court is instructed to remove Defendants Ari Zavaras, Chief of Psychiatry, Chief Medical Officer and John Suthers as named parties to the suit. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __9th__ day of __July__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00515-BNB

Steven T. Haden
Prisoner No. 118881
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/9/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk