IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00515–PAB–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed to oversee, supervise, or train those responsible, as well as each of their Officers, Agents, and Successors,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Plaintiff's "Request for Default Judgment" (Doc. No. 49) filed October 28, 2010.

Rule 55 of the Federal Rules of Civil Procedure mandates a two-step process for a party seeking a default judgment in its favor. *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party must request "by affidavit or otherwise" that the Clerk enter default on the docket. Fed. R. Civ. P. 55(a); see also *id.* (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Second, following the entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefore." Fed. R. Civ. P. 55(b)(2); *see also Williams*, 1995 WL 365988, at *1.

Here, the Clerk of the Court has not recorded an entry of default pursuant to Rule 55(a), nor has Plaintiff requested entry of default. Instead, Plaintiff skipped directly to the second step of the process and moved for a default judgment. Only after both steps occur can the court enter a default judgment. Moreover, the court notes that the defendants have filed an Answer (Doc. No. 33) and a partial motion to dismiss the Plaintiff's Complaint (Doc. No. 32), and that the Defendants are not in default.

To the extent Plaintiff seeks default judgment due to defense counsel's failure to appear at the Preliminary Scheduling Conference on October 18, 2010, Plaintiff's Motion is properly denied. A default judgment is ordinarily available only when "the adversary process has been halted because of an essentially unresponsive party." *See In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). Here, the defendants have not been unresponsive. Moreover, Defendants' counsel provided an adequate explanation for her failure to appear at the Preliminary Scheduling Conference, and the Conference was rescheduled and took place today. (*See* Doc. Nos. 45, 46.)

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Request for Default Judgment" (Doc. No. 49) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of November, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge