IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00515–PAB–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed to oversee, supervise, or train those responsible, as well as each of their Officers, Agents, and Successors,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Request to Amend Named Defendants" (Doc. No. 56, filed November 26, 2010). Plaintiff seeks to amend his complaint to correct the

spelling of one current defendant's name and the title of another current defendant.  Plaintiff also seeks to add additional defendants.

At this stage of the case, Plaintiff may amend his Complaint (Doc. No. 18) "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a).  Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.  The court may deny a motion to amend a complaint for failure to submit the proposed amendment.  *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).

Plaintiff has not submitted a copy of his proposed amended complaint to the court.  As a result, it is impossible to determine if the proposed amendment is permissible.

Accordingly, it is

ORDERED that Plaintiff's "Request to Amend Named Defendants" (Doc. No. 56) is DENIED without prejudice for failure to submit a copy of the proposed amended complaint.

Dated this 29th day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge