IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00515–PAB–KMT

STEVEN T.  HADEN,

     Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their
supervisors, designees, and all unnamed individuals that directly participated in the
wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed
to oversee, supervise, or train those responsible, as well as each of their Officers,
Agents, and Successors,

     Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

     This case comes before the court on Defendants' "Motion to Dismiss the Third and Final

Amended Complaint (Doc. 18) in Part Pursuant to Fed.R.Civ.P. 12(B)(6) [sic]" (Doc. No. 32,

filed September 20, 2010).  Plaintiff filed his Response to the on October 4, 2010.  (Doc. No. 40 ["Resp."].)  Defendants did not file a reply.  The Motion to Dismiss is ripe for the court's ruling and recommendation.

## I.   STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation.

Plaintiff is an inmate with the Colorado Department of Corrections ("CDOC") at Buena Vista Correctional Facility ("BVCF").  (Compl. at 6.)  Plaintiff generally asserts that Defendants have violated his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. Plaintiff asserts four claims for relief.  In Claim One, Plaintiff alleges he has been, and continues to be, subjected to cruel and unusual punishment in violation of the Eighth Amendment.  (*Id.* at 9.)  Plaintiff asserts shortly after his arrival at BVCF, he began to suffer from upper respiratory problems allegedly caused by BVCF's failure to comply with government regulations concerning air circulation and ventilation.  (*Id.*)  Plaintiff asserts that Defendants Green, Dunbar, Brunnell, Bartruff, Connors, Smethers, and Ortega are aware that BVCF is non-complaint.  (*Id.*) Plaintiff alleges the failure of the defendants "to ensure, or take reasonable measures to ensure, clean air deprives plaintiff of a basic human need, subjecting him to inhumane conditions of confinement, and exposing him to toxic substances or particles."  (*Id.*)  Plaintiff alleges the poor air quality is exacerbated by (1) the presence of insects, rats, mice, and other vermin, (2) Plaintiff's lengthy confinement (up to twenty-one hours per day) in his cell and restricted access to outdoor recreation, (3) ongoing construction and renovations at BVCF that release asbestos,

2

lead paint particles, diesel exhaust fumes, and other construction-related contaminants; (4) inadequate ventilation in the showers, which causes mold and mildew on the walls and floors of the showers; and (5) BVCF's failure to regulate temperatures within the living units.  (*Id.*)

In Claim Two, Plaintiff alleges he has been, and continues to be, subjected to cruel and unusual punishment in violation of the Eighth Amendment.  (*Id.* at 11.)  Plaintiff alleges since he arrived at BVCF on October 9, 2008, he has been without prescribed medications to treat bipolar disorder, anxiety disorder, and obsessive compulsive disorder.  (*Id.*)  Plaintiff claims treatment has been delayed or denied to him.  (*Id.*)  Plaintiff alleges the delays in treatment and in "medication errors" resulted in unnecessary pain and suffering to Plaintiff.  (*Id.* at 13.)

In Claim Three, Plaintiff alleges his First Amendment right to freely exercise his religion has been restricted.  (*Id.* at 14.)  Plaintiff also asserts food is being prepared in a kitchen "constituting a substantial hazard to the health of plaintiff in violation of the Eighth Amendment."  (*Id.*)  Plaintiff states he is a practicing Messianic Jew and that he must adhere to a Kosher diet.  (*Id.*)  Plaintiff asserts that, because he worked in the prison's food service department, he is aware of "numerous violations of Kosher dietary law, and blatant indifference to sanitation."  (*Id.*)  Plaintiff alleges that "[s]erving non-Kosher food, or food prepared in a kitchen in violation of Kosher protocols, interfered with [his] free exercise of religion."  (*Id.* at 15.)  Plaintiff also alleges he was terminated from the Kosher diet program on July 29, 2009, and that his "termination from the Kosher diet program, when the program is not providing Kosher-certified food, is incongruous."  (*Id.* at 14–15.)

In Claim Four, Plaintiff alleges he has been retaliated against, in violation of the First Amendment, for filing grievances, filing complaints, and for initiating this lawsuit. (*Id.* at 16.) Plaintiff states that he has been denied a transfer to a facility offering vocational or rehabilitation programs because of filing grievances. (*Id.*) Plaintiff also alleges he was not allowed to work on numerous occasions due to filing grievances. (*Id.*) Plaintiff contends he has been the target of cell searches and strip searches because of filing grievances. (*Id.*)

Plaintiff sues all defendants in their individual and official capacities, seeking compensatory damages, punitive damages, and injunctive relief. (*See id.* at 2–5,19.)

Defendants seek dismissal, in part, of Plaintiff's claims against them on the bases that (1) Defendants are entitled to Eleventh Amendment immunity in their official capacities; (2) Plaintiff has failed to state a claim for inadequate medical care in Claim Two; (3) Plaintiff has failed to allege personal participation in Claim Two against Defendants Green, Dunbar, Brunnell, Bartruff, Bland, and McCormac; and (4) Plaintiff's claims for emotional and mental distress are barred by the Prison Litigation Reform Act ("PLRA"). (*See* Mot. at 3–10.)

## II.    *LEGAL STANDARDS*

### A.      **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's

4

"conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.   *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of

the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### C.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

7

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949

(citation omitted).

### III.    ANALYSIS

#### A.    Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution states: "The Judicial power

of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a

citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552

(10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits

against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state

official in his or her official capacity is a suit against the official's office and therefore is no

different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities,

from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).

Moreover, a § 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither

states nor state officers sued in their official capacity for monetary damages are persons within

the meaning of § 1983.  *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the defendants in their official capacities

constitute claims against the Colorado Department of Corrections.  *See Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity

8

is not a suit against the official but rather is a suit against the official's office").  Therefore,

Plaintiff's official-capacity claims for monetary relief against the defendants are barred by the

Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.  *See id.*;

*Bennett*, 17 F.3d at 1267.

### B.      Failure to State a Claim for Deliberate Indifference

Plaintiff alleges in Claim Two that Defendants exercised deliberate indifference to his

serious medical needs in violation of his Eighth Amendment rights because he was not provided

with access to various medications on several occasions in October and November of 2008, and

for several days in the spring and fall of 2009, due to medication errors he concedes were

subsequently corrected.  (Compl. at 11–13.)  Defendants argue that Plaintiff's deliberate

indifference claim fails to state a claim upon which relief can be granted because Plaintiff cannot

establish the objective or subjective elements of an Eighth Amendment claim.  (Mot. at 4–7.)

The Eighth Amendment's ban on cruel and unusual punishment is violated if a

defendant's "deliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To establish a claim for deliberate

indifference, a plaintiff must first prove that, objectively, his medical need is "sufficiently

serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious

"if it is one that has been diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's attention."

*Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).  Second, the plaintiff

must prove that, subjectively, the prison official "kn[ew] of and disregard[ed] an excessive risk

to inmate health and safety." *Farmer*, 511 U.S. at 837.  That is, "the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference." *Id.*  Although an Eighth Amendment claim regarding

deliberate indifference to a serious medical need often involves an official's failure to treat a

prisoner's serious medical condition properly, it may also arise when a prison official acts with

deliberate indifference in preventing a prisoner from receiving treatment or denying him access

to medical personnel capable of evaluating the need for treatment.  *See Sealock v. Colorado*, 218

F.3d 1205, 12011 (10th Cir. 2000).

### 1.    *Objective Element*

A "delay in medical care only constitutes an Eighth Amendment violation where the

plaintiff can show that the delay resulted in substantial harm." *Oxendine v. R.G. Kaplan, M.D.*,

241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotations and citation omitted).  "That

'substantial harm' can be the ultimate physical injury caused by the prisoner's illness, so long as

the prisoner can show that the more timely receipt of medical treatment would have minimized

or prevented the harm." *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) (internal

quotations and citations omitted).  "Delays that courts have found to violate the Eighth

Amendment have frequently involved life-threatening situations and instances in which it is

apparent that delay would exacerbate the prisoner's medical problems." *Hunt*, 199 F.3d at 1224.

"Officials may also be held liable when the delay results in a lifelong handicap or a permanent

loss." *Id.*  "A difference of opinion as to the kind and timing of medical treatment does not rise

to the level of an Eighth Amendment violation." *Tyler v. Sullivan*, 83 F.3d 433, 1996 WL

195295, at *2 (10th Cir. Apr. 22, 1996) (unpublished).

Plaintiff alleges that he did not receive Lamictal, which he states is prescribed as a mood

stabilizer to treat his bipolar disorder, from October 16 through October 30, 2008.  (Compl. at

11.)  Plaintiff alleges his Effexor prescription "was suddenly stopped" on November 6, 2008,

causing panic and anxiety attacks.  (*Id.*)  Plaintiff also alleges that on November 10 and 11,

2008, he "did not receive Effexor, Lamictal, Trazadone, or medications prescribed to treat his

thyroid disorder or hypertension, resulting in insomnia, anxiety, and mania."  (*Id.*)  Plaintiff

concedes, however, that the alleged "medication errors" were corrected on November 19, 2008.

(*Id.* at 12.)

Plaintiff also alleges that "[f]ollowing a mental health appointment on February 20, 2009,

[his] psychiatric medications were once again suddenly stopped or dangerously reduced in

dosage. . . ."  (*Id.*)  Again, however, Plaintiff concedes that the "medication errors" were

corrected on March 26, 2009."  (*Id.* at 13.)  Plaintiff also alleges "medication errors" on "May 8-

10, 2009; May 24, 2009; June 17, 2009; and November 5, 2009."  (*Id.*)

Though Plaintiff cites several instances of delays in his getting prescription medication,

he fails to allege that the delay resulted in substantial harm.  *Oxendine*, 241 F.3d at 1276.

Plaintiff's only allegations in this regard are that the delays caused him "physical and emotional

harm," "mania and insomnia," and "panic and anxiety attacks."  (Compl. at 11.)  Plaintiff's

vague and conclusory allegations do not indicate how the alleged deprivation or delay

exacerbated his medical problems or resulted in a lifelong handicap or permanent loss. *Hunt*, 199 F.3d at 1224.

### 2.    *Deliberate Indifference*

Even if Plaintiff's claims of a the alleged problems he suffered satisfy the objective component for the purpose of stating a claim, *see Sealock*, 218 F.3d at 1209, he has failed to allege facts which would satisfy the subjective component.  "Deliberate indifference is 'something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Dual v. Lane*, 959 F.2d 673, 577 (7th Cir. 1992).  Plaintiff alleges only that the defendants were "aware of the medication lapse[s]." (Compl. at 11.)  There are no allegations in Claim Two that the defendants knew that a delay Plaintiff receiving his medications would result in a substantial risk of harm.

Moreover, taking Plaintiff's allegations that there were "medication errors" as true, the allegations are couched solely in terms of medical negligence.  Allegations of negligence in treating a medical condition do not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle*, 429 U.S. at 106.  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Because the plaintiff has failed to satisfy either the objective or subjective component required to assert an Eighth Amendment deliberate indifference claim, Plaintiff's Claim Two is properly dismissed.  As such, this court need not address Defendants' argument in the alternative

that Plaintiff has failed to allege personal participation by Defendants Green, Dunbar, Brunnell,

Bartruff, Bland, and McCormac in Plaintiff's Claim Two for deliberate indifference.

### C.    Claims for Emotional and Mental Distress Under the PLRA

Finally, Defendants assert Plaintiff's § 1983 claims for monetary damages for mental

distress asserted in Claims, Two, Three, and Four are barred by the PLRA, 42 U.S.C. § 1997e(e).

(Mot. at 10.)  The PLRA provides, in pertinent part: "No Federal civil action may be brought by

a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e)

(2008).

Section 1997e(e) applies regardless of the nature of the underlying substantive violation

asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying section 1997e(e)

to the plaintiff's First Amendment claim for free exercise of religion).  Although section

1997e(e) bars recovery of mental or emotional injury damages absent an allegation of physical

injury, it does not bar recovery of punitive damages, declaratory relief, or nominal damages.  *Id.*

at 881 (noting that punitive damages may be awarded for constitutional violations without a

showing of compensable injury); *Perkins v. Kansas Dept. of Corrs.*, 165 F.3d 803, 808 (10th Cir.

1999).

The court need not address whether Plaintiff has alleged physical injury in Claim Two, as

it has already found Plaintiff has failed to state a claim for deliberate indifference.  In Claim

Three, Plaintiff alleges the inability to practice his religious beliefs caused him mental and

emotional distress.  (Compl. at 15.)  As such, defendants correctly assert that the plaintiff has

failed to allege any physical injury in Claim Three, and thus any claim for compensatory

damages for mental or emotional injuries fails as a matter of law pursuant to the PLRA.

In Claim Four, Plaintiff alleges Defendants' retaliation and harassment have "resulted in

physical and emotional harm."  (*Id.* at 17.)  The definition of the adjective "physical" is "of or

relating to the body."  MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 935 (11th ed. 2007).

The PLRA provides no statutory definition for the term "physical injury."  42 U.S.C. § 1997e *et*

*seq*.  While the PLRA requires "physical injury," the threshold may not be particularly high.  *See*

*Mitchell v. Horn*, 318 F.3d 523, 534–36 (3d Cir. 2003) ("We therefore follow the approach of the

Fifth, Ninth, and Eleventh Circuits in requiring a less-than-significant-but-more-than-*de minimis*

physical injury as a predicate to allegations of emotional injury"); *Oliver v. Keller*, 289 F.3d 623,

627 (9th Cir. 2002) ("§ 1997e(e) requires a prior showing of physical injury that need not be

significant but must be more than *de minimis*."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.

1997) (suggesting that the PRLA requirement should be construed consistent with the

"well-established Eighth Amendment standard," and must be more than *de minimis*, but need not

be significant).  Plaintiff's allegation fails to allege any physical manifestation–even a *de*

*minimis* injury–relating to his body or harm caused to his body by Defendants.  Therefore, as the

plaintiff has failed sufficiently to allege physical injury in Claim Four, his compensatory relief

claims are barred.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss the Third and Final Amended

Complaint (Doc. 18) in Part Pursuant to Fed.R.Civ.P. 12(B)(6) [sic]" (Doc. No. 32) be

GRANTED as follows:

1.    Plaintiff's official-capacity claims for monetary relief against the defendants

      should be dismissed without prejudice for lack of subject matter jurisdiction as

      barred by the Eleventh Amendment;

2.    Plaintiff's Claim Two for deliberate indifference should be dismissed with

      prejudice for failure to state a claim upon which relief can be granted; and

3.    Plaintiff's claims for compensatory relief for mental and emotional distress

      asserted in Claims, Two, Three, and Four should be dismissed as barred by the

      PLRA.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

16