IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00515–PAB–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed to oversee, supervise, or train those responsible, as well as each of their Officers, Agents, and Successors,

    Defendants.

**MINUTE ORDER**

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

This matter is before the court on Plaintiff's "Request to Expand Number of Defendant's [sic] to Be Deposed" (Doc. No. 108, filed April 25, 2011). Plaintiff seeks leave of the court to depose a fourth defendant by written question pursuant to Fed. R. Civ. P. 31.

Pursuant to Federal Rule of Civil Procedure 31(a)(1), Plaintiff does not require leave of Court to depose the named defendants by written questions. However, Plaintiff still must comply with the deadlines set forth in Rule 31 for the service of cross, redirect, and recross questions. *See* Fed. R. Civ. P. 31(a)(5). Even with the extended the discovery cutoff of May 24, 2011 (*see* Doc. No. 109), Plaintiff would not be able to comply with the deadlines set forth in Rule 31. Plaintiff also has not satisfied his obligation to serve notice for the depositions as required by Rule 31(a)(3), and he must comply with this requirement before proceeding with the depositions. Moreover, Plaintiff has not designated an officer to administer oaths and to take testimony. *See* Fed. R. Civ. P. 28(a)(1)(A). The court advised Plaintiff in the Preliminary Scheduling Conference that any costs associated with a deposition, including any court reporter fees, are the responsibility of the party noticing the deposition. (*See* Doc. No. 54.) Accordingly, Plaintiff's "Request to Expand Number of Defendant's [sic] to Be Deposed" (Doc. No. 108) is DENIED. Additionally, to the extent Plaintiff has not already begun the process of taking the depositions by written questions of the other three defendants he seeks to depose, the court notes he is out of time to do so, under Rule 31.

Dated: April 26, 2011