IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00515–PAB–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their
supervisors, designees, and all unnamed individuals that directly participated in the
wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed
to oversee, supervise, or train those responsible, as well as each of their Officers,
Agents, and Successors,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's "Prisoner Complaint/Request to Amend

Defendants" (Doc. No. 64, filed January 24, 2011), which this court has construed as Plaintiff's

motion to amend his complaint to add defendants. (*See* Doc. No. 66.) Defendants filed their response on February 14, 2011. (Doc. No. 74 [Resp.].) Plaintiff did not file a reply. This motion is ripe for ruling and recommendation.

## PROCEDURAL HISTORY

Defendants previously filed an Answer and a Motion to Dismiss in Part in response to the operative complaint. (Doc. Nos. 32 and 33.) This court issued its Recommendation that the Motion to Dismiss in Part be granted; that Plaintiff's official-capacity claims for monetary relief against the defendants should be dismissed without prejudice for lack of subject matter jurisdiction as barred by the Eleventh Amendment; that Plaintiff's Claim Two for deliberate indifference should be dismissed with prejudice for failure to state a claim upon which relief can be granted; and that Plaintiff's claims for compensatory relief for mental and emotional distress asserted in Claims, Two, Three, and Four should be dismissed as barred by the Prison Litigation Reform Act (PLRA). (Doc. No. 63 at 13–14.) The Motion to Dismiss and Recommendation are pending before District Judge Brimmer.

Prior to this court's issuing its Recommendation, Plaintiff filed a motion to amend his complaint, seeking to correct the spelling of one current defendant's name and the title of another current defendant, and also seeking to add additional defendants. (*See* Doc. No. 56.) Plaintiff's previous motion to amend was denied without prejudice for Plaintiff's failure to submit a proposed amended complaint. (*See* Doc. No. 58.) Plaintiff now has filed his motion and proposed amended complaint. (Doc No. 64.)

Defendants object to the filing of the proposed amended complaint, arguing that the proposed amendments will be subject to dismissal as futile. (Resp at 3.)

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

**ANALYSIS**

*Eleventh Amendment Immunity*

In his proposed amended complaint, Plaintiff asserts claims against all defendants in their official and individual capacities. (Doc. No. 64 at 2–6.) Plaintiff seeks monetary damages only. (*Id.* at 25.) The Colorado Department of Corrections (CDOC) defendants argue that Plaintiff's

3

claims for monetary damages against them in their official capacities would be barred. (Resp. at 4.)

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

To the extent Plaintiff asserts claims for monetary relief against the CDOC defendants in their official capacities, the claims are really against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). As such, Plaintiff's official-capacity claims for monetary relief against the

CDOC defendants would be barred by the Eleventh Amendment and thus would be futile. *See id.*; *Bennett*, 17 F.3d at 1267.

*Claim One*

Plaintiff seeks to amend his first claim for relief, "Breach of Duty to Protect: Inadequate, Unsafe, and Unsanitary Living Conditions," to change, but not to add, defendants against whom the claim is asserted. Otherwise, the substance of Plaintiff's first claim for relief remains unchanged from his previous complaint. (*Compare* Doc. No. 18 at 9–10 *with* Doc. No. 64 at 10–13.) Defendants do not specifically argue that the proposed amendments to Plaintiff's Claim One should be denied. Moreover, upon review of the proposed amendment to Claim One, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility. As such, Plaintiff should be allowed to amend his Claim One.

*Claim Two*

Plaintiff seeks to amend his second claim for relief, "Deliberate Indifference to Plaintiff's Health: Inadequate Medical and Mental Health Care," to assert allegations against Defendant Shephard[1], and to add Drs. Michaud and Stephens as defendants. (Doc. No. 64 at 15.) More significantly, Plaintiff seeks to add factual allegations that he was denied medication or that medication errors or delays in treatment occurred from August 1-3, 2010; November 8-15, 2010, and December 12-21, 2010. (*Id.* at 16.) Otherwise, the substance of Plaintiff's second claim for

---

[1] Plaintiff states he wishes to change the spelling of Defendant Shephard in the operative complaint to "Shepherd" in his proposed amended complaint. (Doc. No. 56, ¶ 3.) However, in his proposed amended complaint, Plaintiff refers to this defendant as Defendant Shepard. (Doc. No. 64 at 15.)

relief is unchanged from his previous complaint. (*Compare* Doc. No. 18 at 11–13 *with* Doc. No. 64 at 14–17.)

In its Recommendation on Defendants' motion to dismiss in part, this court found that Plaintiff had failed to state a claim for deliberate indifference because Plaintiff had failed to meet either the objective or subjective elements required to assert a claim for deliberate indifference. (*See* Doc. No. 63 at 9–13.) Plaintiff has not asserted additional factual allegations in his proposed amended complaint to cure these deficiencies. As to the objective element, though Plaintiff cites several instances of delays in his getting prescription medication, he fails to allege that the delay resulted in substantial harm. *Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272, 1276 (10th Cir. 2001). Plaintiff's only allegations in this regard are that the delays caused him "physical and emotional harm," "mania and insomnia," and "panic and anxiety attacks." (Compl. at 11.) Plaintiff's vague and conclusory allegations do not indicate how the alleged deprivation or delay exacerbated his medical problems or resulted in a lifelong handicap or permanent loss. *Hunt*, 199 F.3d at 1224. As to the subjective element, Plaintiff has failed to state allegations in Claim Two that the defendants knew that a delay Plaintiff receiving his medications would result in a substantial risk of harm. "Deliberate indifference is 'something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Dual v. Lane*, 959 F.2d 673, 577 (7th Cir. 1992). Plaintiff alleges only that the defendants were "aware of the medication lapse[s]." As such, Plaintiff's proposed Claim Two would be subject to dismissal as futile.

*Claims Three and Four*

In the Recommendation that Defendants' motion to dismiss in part be granted, this court found Plaintiff's Claims Three and Four were barred by the PLRA, 42 U.S.C. § 1997e(e). (*See* Doc. No. 63 at 13–14.) The PLRA provides, in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2008).

In Plaintiff's amended Claim Three, he alleges the inability to practice his religious beliefs caused him physical, mental and emotional distress. (Doc. No. 64 at 20.) In Plaintiff's amended Claim Four, he alleges Defendants' retaliation and harassment have "resulted in physical and emotional harm." (*Id.* at 17.) The definition of the adjective "physical" is "of or relating to the body." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 935 (11th ed. 2007). The PLRA provides no statutory definition for the term "physical injury." 42 U.S.C. § 1997e *et seq*. While the PLRA requires "physical injury," the threshold may not be particularly high. *See Mitchell v. Horn*, 318 F.3d 523, 534–36 (3d Cir. 2003) ("We therefore follow the approach of the Fifth, Ninth, and Eleventh Circuits in requiring a less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury"); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) ("§ 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (suggesting that the PRLA requirement should be construed consistent with the "well-established Eighth Amendment standard," and must be more than *de minimis*, but need not

be significant). Plaintiff's allegations fail to allege any physical manifestation–even a *de minimis* injury–relating to his body or harm caused to his body by Defendants. Therefore, as Plaintiff has failed sufficiently to allege physical injury in either Claim Three or Claim Four, his compensatory relief claims would be subject to dismissal as futile.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Prisoner Complaint/Request to Amend Defendants" (Doc. No. 64) be GRANTED in part and DENIED in part as follows:

1. Plaintiff's motion to amend to allege official-capacity claims for monetary relief against the defendants should be DENIED as futile;

2. Plaintiff's motion to amend his Claims Two, Three, and Four should be DENIED as futile; and

3. Plaintiff's motion to amend his Claim One should be GRANTED. Plaintiff should be ordered to file a fourth amended complaint containing only the allegations exactly as they appear in Docket Number 64 at pages 10 through 13.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 3rd day of May, 2011.

BY THE COURT:

/s/ Kathleen M. Tafoya

Kathleen M. Tafoya
United States Magistrate Judge