IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00515-PAB-KMT

STEVEN T. HADEN,

     Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their
supervisors, designees, and all unnamed individuals that directly participated in the
wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed
to oversee, supervise, or train those responsible, as well as each of their Officers,
Agents, and Successors,

     Defendants.

_____

**ORDER ACCEPTING IN PART AND OVERRULING IN PART MAGISTRATE
JUDGE'S RECOMMENDATIONS**
_____

     This matter is before the Court on defendants' motion to dismiss in part [Docket

No. 32] and plaintiff's motion to amend his complaint [Docket No. 64].  These motions

were referred to Magistrate Judge Kathleen M. Tafoya and were fully briefed by the

parties.  Magistrate Judge Tafoya issued a Recommendation of United States

Magistrate Judge as to each of these motions [Docket Nos. 63, 113], to which plaintiff

has objected [Docket Nos. 90[1], 117].  The Court takes up the motions in light of

plaintiff's objections and conducts the requisite de novo review.

## I.  BACKGROUND

Plaintiff is an inmate at the Buena Vista Correctional Facility ("BVCF") of the

Colorado Department of Corrections ("CDOC").  Plaintiff brings four claims challenging

the conditions of his confinement and his treatment while incarcerated.  Plaintiff's first

claim alleges an Eighth Amendment violation based on BVCF's air circulation and

ventilation.  His second claim alleges an Eighth Amendment violation based on BVCF's

delay or denial of medication.  Plaintiff's third claim alleges that BVCF personnel have

denied his religious freedom in violation of the First Amendment.  Plaintiff's fourth claim

alleges that officials have retaliated against him for filing grievances and this lawsuit.

Defendants moved to dismiss some of plaintiff's claims, arguing that defendants

are immune from claims against them in their official capacities that seek money

damages, that plaintiff's second claim fails to state a claim upon which relief can be

granted, and that plaintiff's demands for emotional and mental distress are barred by

the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The magistrate judge

recommended that defendants' motion be granted.  *See* Docket No. 63 at 15.  Shortly

after the magistrate judge issued her recommendation, plaintiff filed an amended

---

[1] Plaintiff also filed a motion to amend [Docket No. 127], seeking to substitute a page in his objection to the magistrate judge's recommendation on defendants' motion to dismiss [Docket No. 90].  Because the substituted page does not affect the Court's reasoning on the motion, the Court will deny the motion to amend as moot.

complaint [Docket No. 64], which the magistrate judge construed as a motion to amend the complaint.  The magistrate judge issued a recommendation regarding the amended complaint, largely finding that the amended complaint did not change the substance of the original complaint beyond substituting various defendants for others named in each claim.  Therefore, given that the amended complaint did not modify plaintiff's deficient allegations regarding a particular claim, the magistrate judge recommended denying the motion to amend as futile.

## II.  STANDARD OF REVIEW

When a party files timely objections to a magistrate judge's recommendation of a dispositive motion, a district court reviews the objected-to portion of the recommendation de novo.  Fed. R. Civ. P. 72.  As plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court may not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## III.  ANALYSIS

### A.  <u>Sovereign Immunity</u>

Defendants seek dismissal of plaintiff's claims against them in their official capacities for money damages on the grounds that they have sovereign immunity under the Eleventh Amendment.  The magistrate judge recommended this dismissal be granted and plaintiff did not object on this issue.  Accordingly, the Court will dismiss that portion of plaintiff's first, second, third, and fourth claims that seeks money damages against defendants in their official capacities.

3

### B. **Claim One**

Defendants do not seek dismissal of plaintiff's first claim.  Plaintiff's proposed amended complaint seeks to change the defendants against whom he brings the claim, leaving the substance of the claim otherwise intact.  The magistrate judge recommended this amendment be granted, and defendants have not objected to this recommendation.  Accordingly, the Court will allow plaintiff to amend his first claim to name defendants Green, Dunbar, Brunell, Bartruff, Lengerich, Connors, Smethers, Coleman, and Ortega.

### C. **Claim Two**

Defendants seek to dismiss claim two on the basis that plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment or, in the alternative, that several of the defendants named in this claim should be dismissed because they did not personally participate in the alleged conduct.  The magistrate judge recommended that plaintiff's original claim two be dismissed for failure to state a claim [Docket No. 63 at 9-13] and that he not be allowed to amend this claim because his proposed amendment would be futile [Docket No. 113 at 5-6].  Plaintiff objects that he has stated a claim for deliberate indifference [Docket No. 90 at 14-18; Docket No. 117 at 2-4].

Plaintiff's third amended complaint alleges that he was repeatedly denied delivery of Effexor, Lamictal, and Trazadone, prescription medications he receives to treat his bipolar mood disorder, general anxiety disorder, and obsessive compulsive disorder. Plaintiff allegedly did not receive his medications for intermittent periods during his incarceration, the shortest period lasting a day and the longest period lasting over a

4

month.  Plaintiff alleges that these lapses in medication delivery caused him "emotional

and physical harm" by causing "mania and insomnia" as well as "panic attacks," and

anxiety.  Docket No. 18 at 11, ¶¶ 21, 23, 24, 25.  Plaintiff alleges that this delayed

treatment was caused by a number of issues including prescription errors by his treating

psychiatrist, defendant Shephard, facility lock-downs, data entry errors by medical staff,

"failure to release [plaintiff] for med-line" by prison personnel, and the fact that BVCF

does not have an on-site psychiatrist.  *Id.* at 11, ¶ 20.  Plaintiff alleges that he informed

defendants of the denial or delay of his medications, *id.* at 11 ¶ 21, 12, ¶¶ 27, 29-32,

and that his medical records, which were reviewed by defendant Smith, stated he had

attempted suicide twice.  *Id.* at 12, ¶ 33.

The Court finds that plaintiff's third amended complaint states a claim for

deliberate indifference.  Prison officials violate the Eighth Amendment if they are

deliberately indifferent to an inmate's serious medical needs, including psychological or

psychiatric care.  *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  To

establish deliberate indifference, an inmate must prove both an objective and a

subjective prong.  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  The objective

prong requires  showing that his medical needs were sufficiently serious and the

subjective prong requires showing that prison officials were deliberately indifferent to

those needs.  *Id.*  Where an inmate alleges that treatment was improperly delayed, as

the plaintiff does here, he must show that the delay caused "substantial harm."  *Van

Riper v. Wexford Health Sources, Inc.*, 67 F. App'x 501, 502 (10th Cir. 2003) (quoting

*Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).  "[T]he purpose for this

requirement is to limit claims to significant, as opposed to trivial, suffering," and "may be

satisfied by lifelong handicap, permanent loss, or considerable pain." *Mata*, 427 F.3d at 753, 751 (quoting *Garrett,* 254 F.3d at 950). The subjective prong requires "the plaintiff to present evidence of the prison official's culpable state of mind" and show that the prison official knew of and disregarded an "excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

As for the objective prong, plaintiff has demonstrated a serious medical need. "A medical need is serious if it has been diagnosed by a physician as requiring treatment." *Van Riper*, 67 F. App'x at 503. Plaintiff alleges that he was diagnosed with bipolar disorder, general anxiety disorder, and obsessive compulsive disorder, Docket No. 18 at 11 ¶ 18, suggesting he has serious medical needs. *See Petersmarck v. Parks,* 2009 WL 3713650 at *1 (S.D. Ill. Nov. 4, 2009) (court found plaintiff stated claim for deliberate indifference where plaintiff alleged he was diagnosed as bipolar with manic depression and acute suicidal tendencies, among other conditions); *Miller v. McDaniel*, 2007 WL 396996 at *6 (D. Nev. Feb. 1, 2007) (bipolar disorder is a serious medical need); *Graham v. Warden, N.H. State Prison for Women*, 2008 WL 145097 (D.N.H. Jan. 12, 2008) (plaintiff stated serious medical need by alleging diagnoses of ADHD, bipolar disorder, personality disorder, and anxiety); *Means v. Huibregtse*, 2003 WL 23109378 at *1 (W.D. Wis. Jan. 6, 2003) (allegations of anxiety and bipolar disorder sufficient to suggest plaintiff had serious medical needs); *but see R.T. v. Gross*, 298 F. Supp. 2d 289, 296-97 (N.D.N.Y. 2003) (bipolar disorder not a serious medical need where plaintiff presented no evidence that failure to treat his condition adversely affected his prognosis). Plaintiff also alleges that the delay in treatment caused him substantial harm, including panic attacks, physical pain, mania, and insomnia. *See Van Riper*, 67

6

F. App'x at 504 (delays in providing plaintiff medication that resulted in "painful episodes" sufficient to create a fact issue on substantial harm).

In addition, plaintiff has alleged sufficient facts to meet the subjective prong of a deliberate indifference claim, at least as to some of the defendants.  Deliberate indifference to serious medical needs requires a showing of more than mere negligence or medical malpractice.  *See Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006).  A single or a handful of lapses in the delivery of plaintiff's medication due to "prescription errors," "facility lockdowns," "data entry errors," or "failure to release plaintiff for med-line," would only tend to show negligence; however, the frequency and persistence of these "errors" suggest more than mere inadvertence.  Plaintiff's third amended complaint alleges nine separate periods during which he did not receive his medication, *see* Docket No. 18 at 11-13, and his proposed amended complaint adds three more.  *See* Docket No. 64 at 16.  Moreover, plaintiff alleges that he made defendants aware of the lapses but that they continued to occur.  *See* Docket No. 18 at 11 ¶ 21.  *See Van Riper*, 67 F. App'x at 504 (summary judgment inappropriate on deliberate indifference claim where plaintiff made defendants aware of medication delays but defendants offered no explanation for the delays).  Plaintiff also alleges that defendant Smith was aware that he had attempted suicide in the past, given that she reviewed his medical file which included documentation of two past suicide attempts. Whether plaintiff can establish these averred facts under the more rigorous standards of summary judgment remains to be seen.  However, for purposes of defendants' motion to dismiss, the facts alleged in the third amended complaint sufficiently demonstrate that personnel at BVCF were deliberately indifferent to plaintiff's serious medical needs.

7

In his third amended complaint, plaintiff only alleges that defendants Shephard and Smith were aware of both the lapses in his medications and the seriousness of his medical conditions.  *See* Docket No. 18 at 5 (alleging that Shephard was responsible for prescribing plaintiff's medications); 12 ¶ 33 (alleging that Smith had read plaintiff's medical record).  Plaintiff's proposed amended complaint adds an allegation that Bland was also aware of the seriousness of his conditions.  *See* Docket No. 64 at 16 (plaintiff notified Bland "of his serious concerns and explaining past reactions to sudden discontinuation of psychiatric medications").  Although the other defendants may have supervised Shephard, Bland, or Smith, plaintiff must allege that each defendant possessed the requisite culpable mental state to prevail on his deliberate indifference claim, a mental state which requires awareness of the seriousness of plaintiff's medical need.  *See Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (analyzing *respondeat superior* liability in *Bivens* and § 1983 actions after *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and concluding that plaintiffs must still prove defendant supervisors "took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation").  Therefore, the Court will deny defendants' motion to dismiss plaintiff's second claim and allow plaintiff to amend his second claim for deliberate indifference, but only insofar as the claim is against defendants Shephard, Bland, and Smith.

### D.  Claims Three and Four

Plaintiff's third and fourth claims allege that defendants prevented him from practicing his religion and retaliated against him for reporting grievances and for filing this lawsuit to vindicate his rights.  Plaintiff's third amended complaint seeks

compensatory and punitive damages for these claims or, in the alternative, nominal

damages.  *See* Docket No. 18 at 20.  Defendants argue that they cannot be liable to

plaintiff for money damages for his mental and emotional distress under the PLRA

because he alleges no physical harm related to these claims.  *See* 42 U.S.C. §

1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury.").  The magistrate judge

recommended dismissal of these claims, reasoning that they allege only mental and

emotional injury.  Plaintiff does not object to the dismissal of his claims for

compensatory relief, but argues he may still be entitled to nominal or punitive damages

under these claims.  *See* Docket No. 117 at 7.  Plaintiff is correct that, although he may

not recover compensatory damages for his alleged mental and emotional distress

absent allegations of physical injury, he may recover nominal and punitive damages.

*See Searles v. Van Bebber*, 251 F.3d 869, 878-80 (10th Cir. 2001).  Plaintiff's proposed

amended complaint seeks punitive and nominal damages related to these claims.  *See*

Docket No. 64 at 25.  Therefore, plaintiff may amend his complaint as to these claims,

but may only pursue these claims insofar as they seek nominal and punitive damages.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Prisoner Complaint Request to Amend Defendants

[Docket No. 64], construed as a Motion to Amend Complaint, is **DENIED** in part and

**GRANTED** in part.  On or before **July 8, 2011**, plaintiff shall file an amended complaint

which shall include the following claims: his first claim as stated in Docket No. 64; his second claim as stated in Docket No. 64 but only against defendants Shephard, Smith and Bland; and his third and fourth claims as stated in Docket No. 64 but only seeking punitive and nominal damages.  Plaintiff's amended complaint shall not seek money damages against defendants in their official capacities.  It is further

ORDERED that defendants' Motion to Dismiss the Third and Final Amended Complaint (Doc. 18) in Part Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 32] is GRANTED in part and DENIED in part.  Plaintiff's four claims are dismissed insofar as they seek monetary damages against plaintiffs in their official capacities.  Plaintiff's second claim is dismissed as to all defendants except Shephard, Smith and Bland. Plaintiff's third and fourth claims are dismissed insofar as they seek compensatory damages.  It is further

ORDERED that Recommendation of United States Magistrate Judge [Docket No. 63] re defendants' motion to dismiss is ACCEPTED in part and REJECTED in part.  It is further

ORDERED that Recommendation of United States Magistrate Judge [Docket No. 113] re plaintiff's motion to amend is ACCEPTED in part and REJECTED in part.  It is further

ORDERED that plaintiff's Motion to Amend Filing [Docket No. 127] is DENIED as moot.


DATED June 13, 2011.

BY THE COURT:

 s/ Philip A. Brimmer
Philip A. Brimmer
United States District Judge