IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00515–RBJ–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Associate Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Associate. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major/Food Service, Buena Vista Correctional Facility,
VICTORIA DENT, Captain/Food Service, Buena Vista Correctional Facility,
DUANE CONNORS, Major/Physical Plant Manager, Buena Vista Correctional Facility,
ARTHUR ORTEGA, Captain/Maintenance, Buena Vista Correctional Facility,
GREGORY SMETHERS, Life Safety Officer, Buena Vista Correctional Facility,
JASON LENGERICH, Major/Custody & Control, Buena Vista Correctional Facility,
LISA BLAND, Captain/Custody & Control, Buena Vista Correctional Facility,
TRACY COLEMAN, Captain/Custody & Control, Buena Vista Correctional Facility,
CHRISTOPHER LAGUE, Sergeant/Security, Buena Vista Correctional Facility
GLYNETTE SMITH, Mental Health Care Practioner/Supervisor, Buena Vista Correctional Facility,
DAVID M. SHEPARD, M.D., Psychiatric Provider, Buena Vista Correctional Facility,
CHARLEEN CROCKETT, Food Service Director, Colorado Department of Corrections,
CAROL MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
in their individual capacities, as well as each of their Officers, Agents, and Successors, and all unnamed individuals that directly participated in the wrongs claimed in this action,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Motion Seeking Leave of Court" (Doc. No. 148, filed October 3, 2011). It appears Plaintiff wants to amend his complaint to add additional defendants discovered through Defendants' discovery responses.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. Here, the plaintiff does not detail why the amendments are necessary, nor does he attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible. Therefore, it is

**ORDERED** that Plaintiff's "Motion Seeking Leave of Court" (Doc. No. 148) is DENIED without prejudice. Plaintiff may file a renewed motion to amend. The motion shall detail the proposed amendments and the reasons why such amendments are necessary. In addition, Plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must contain <u>all</u> of the plaintiff's claims and <u>all</u> of the defendants against whom he wishes to assert claims.

Dated this 4th day of October, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge