IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00515–RBJ–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Associate Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Associate. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major/Food Service, Buena Vista Correctional Facility,
VICTORIA DENT, Captain/Food Service, Buena Vista Correctional Facility,
DUANE CONNORS, Major/Physical Plant Manager, Buena Vista Correctional Facility,
ARTHUR ORTEGA, Captain/Maintenance, Buena Vista Correctional Facility,
GREGORY SMETHERS, Life Safety Officer, Buena Vista Correctional Facility,
JASON LENGERICH, Major/Custody & Control, Buena Vista Correctional Facility,
LISA BLAND, Captain/Custody & Control, Buena Vista Correctional Facility,
TRACY COLEMAN, Captain/Custody & Control, Buena Vista Correctional Facility,
CHRISTOPHER LAGUE, Sergeant/Security, Buena Vista Correctional Facility
GLYNETTE SMITH, Mental Health Care Practioner/Supervisor, Buena Vista Correctional Facility,
DAVID M. SHEPARD, M.D., Psychiatric Provider, Buena Vista Correctional Facility,
CHARLEEN CROCKETT, Food Service Director, Colorado Department of Corrections,
CAROL MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
in their individual capacities, as well as each of their Officers, Agents, and Successors, and all unnamed individuals that directly participated in the wrongs claimed in this action,

    Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's "Motion Seeking Leave of Court [to Amend Complaint]" (Doc. No. 160 [Mot.], filed October 26, 2011. Defendants filed their Response on November 7, 2011. (Doc. No. 173 [Resp.].)

Plaintiff is a *pro se* prison inmate who has brought four claims pursuant to 42 U.S.C. § 1983 asserting corrections officers have violated his civil rights. (Doc. 133.) On June 13, 2011, District Judge Philip A. Brimmer issued an Order granting Plaintiff leave to make certain amendments to the operative Complaint. (Doc. No. 131.) Specifically, the Court permitted Plaintiff to amend Claim One such that it was substantively the same claim as previously set forth, but to assert the claim against different Defendants. (*Id.* at 4.) The Court also permitted Plaintiff to amend his Complaint to assert Claim Two, but only against Defendants Shephard, Smith, and Bland. (*Id.* at 7–8.) Plaintiff was permitted to assert claims for nominal and punitive damages with regard to Claims Three and Four, but not compensatory damages. (*Id.* at 9.)

Plaintiff had filed several variations of the Complaint prior to the current, operative Complaint. (*See* Doc. Nos. 3, 16, and 18.) Plaintiff filed the operative complaint, the "Final Amended Complaint," on July 11, 2011. (Doc. No. 133.) However, though the substance of the claims asserted in the Final Amended Complaint (Doc. 133) was essentially the same, Plaintiff added four new Defendants to the case who were not the subject of the prior operative Complaint, and who were not identified as new proposed Defendants in Plaintiff's prior request for leave to amend the Complaint. (*See* Doc. No. 64 and 113 at 5.) These new Defendants included Dewalt, Determan, Butterfield, and Hughes–the same defendants Plaintiff now wishes to amend his complaint to add. (Doc. No. 133 at 3, ¶ 8; at 4, ¶¶ 10–11, 13.) On

2

September 15, 2011, Judge Brimmer issued an Order *sua sponte* dismissing Dewalt, Determan, Butterfield, and Hughes as Defendants from this case. (Doc. No. 144.) The Court noted that Plaintiff had not previously requested leave to amend his Complaint to add these individuals as parties, and he had not been given leave of the Court to do so. (*Id.* at 2.) The Court also noted that these individuals did not fit the description of the "John Doe/Health Services Administrator" previously identified by Plaintiff as a potential Defendant in the prior Complaint. (*Id.*) The Court therefore ordered that these individuals should be dismissed as Defendants from this case. (*Id.*) Plaintiff now seeks to amend his complaint again to add Dewalt, Determan, Butterfield, and Hughes as defendants. (Mot.)

Defendants argue that Plaintiff's Motion should be denied as untimely. In the Preliminary Scheduling Conference held on November 2, 2010, this court set the deadline for joining parties and amending pleadings at December 17, 2010 (Doc. No. 54), and later extended the deadline to January 18, 2011 (Doc. No. 62). Plaintiff acknowledges the four additional defendants were identified through the discovery process in January 2011. (Mot. at 2, ¶ 6.; at 5.) However, Plaintiff did not attempt to file an amended complaint naming the four defendants until July 11, 2011. (Doc. No. 133.) After Judge Brimmer's Order dismissing the four defendants (Doc. No. 144), Plaintiff did not seek to amend his complaint to add the four defendants again until October 3, 2011, at which time his motion to amend was denied for failure to attach a proposed amended complaint. (*See* Doc. Nos. 148 and 153.) Plaintiff then filed his present Motion on October 26, 2011. (Doc. No. 160.)

Plaintiff has offered no explanation for his delay in seeking to amend his complaint to add the four defendants. Even if Plaintiff had filed a proper motion to amend in July, when he filed an amended complaint naming the defendants, his motion would have been untimely. Plaintiff's present Motion was filed nine months past the deadline for amending pleadings.

> It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1991)) (other citations omitted).

WHEREFORE, for the foregoing reasons, this court respectfully

RECOMMENDS that Plaintiff's "Motion Seeking Leave of Court [to Amend Complaint]" (Doc. No. 160) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of November, 2011.

BY THE COURT:

/s/ Kathleen M. Tafoya
Kathleen M. Tafoya
United States Magistrate Judge