IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 10-cv-0515-RBJ-KMT

STEVEN HADEN,

    Plaintiff,

v.

STEVEN GREEN,
GEORGE DUNBAR,
WILLIAM BRUNNELL,
TERRI BARTRUFF,
RICHARD DANSDILL,
VICTORIA DENT,
DUANE CONNORS,
ARTHUR ORTEGA
GREGORY SMETHERS,
JASON LENGERICH,
LISA BLAND,
TRACY COLEMAN,
CHRISTOPHER LAGUE,
GLYNETTE SMITH,
DAVID M. SHEPHARD, M.D.,
CHARLENE CROCKETT, and
CAROL MCCORMACK,

    Defendants.

---

## ORDER

---

This case is before the Court on (1) plaintiff's objection to a pretrial order [docket #112]; (2) plaintiff's motion seeking leave of court to amend his complaint [#160]; (3) the recommendation of a magistrate judge regarding the motion seeking leave to amend [#176]; and (4) plaintiff's request for status and/or order [#256]. This leaves two other open matters still pending: defendants' (except defendant Shepard) Motion for Summary Judgment [#177] and

1

Magistrate Judge Tafoya's recommendation that that motion be granted [#276]. The Court has extended the time for plaintiff to respond to the recommendation.

**Facts**

Plaintiff, Steven T. Haden, is an inmate at the Buena Vista Correctional Facility ("BVCF") within the Colorado Department of Corrections ("CDOC"). He brought this case *pro se* on March 1, 2010 pursuant to 28 U.S.C. § 1983 in order to assert that his constitutional rights have been violated. He named as defendants numerous prison officials, correctional officers, mental health personnel, and the Colorado Attorney General. His "Third and Final Amended Complaint" [#18] listed 19 defendants in all.

Mr. Haden's complaint asserts that he has been subjected to unsafe and unsanitary living conditions; inadequate medical and mental health care; inadequate opportunity to practice religion; and retaliation. More specifically, in his First Claim, he alleges that unsanitary conditions in the south unit of the BVCF caused him to suffer from respiratory problems and violated the Eighth Amendment's prohibition of cruel and unusual punishment. In his Second Claim he alleges that he has not been provided medications necessary to treat certain psychiatric disorders in violation of the Eighth Amendment. In his Third Claim he alleges that defendants have violated his First Amendment right to the free exercise of religion by interfering in various ways with his ability as a Messianic Jew to follow a kosher diet. Finally, in Claim Four, he alleges that defendants have retaliated against him for asserting his rights, thereby violating his free speech and due process rights under the First, Fifth and Fourteenth Amendments.

On January 12, 2011, addressing defendants' Motion to Dismiss the Third and Final Amended Complaint, Magistrate Judge Tafoya recommended that plaintiff's official-capacity claims for monetary relief should be dismissed pursuant to the Eleventh Amendment; that his

Second Claim should be dismissed for failure to state a claim on which relief could be granted; and that plaintiff's claims for compensatory relief for mental and emotional distress in his Second, Third and Fourth Claims should be dismissed pursuant to the Prison Litigation Reform Act.  Recommendation [#63] at 15.

This Court, by Judge Brimmer, accepted the recommendation in part.  The Court dismissed the portions of plaintiff's four claims that sought money damages against the defendants in their official capacities; granted plaintiff's motion to amend his First Claim (unsanitary conditions) to name a modified list of defendants; denied the motion to dismiss the Second Claim (medications), but limited this claim to defendants Dr. Shepherd (plaintiff's treating psychiatrist), Captain Bland (a shift commander) and Ms. Smith (supervisor of the BVCF's mental health department); and dismissed plaintiff's Third and Fourth Claims with leave to amend to reassert those claims but limited to nominal and punitive damages only.  *See* Order [#131].  Plaintiff then filed his "Final Amended Complaint," in which he asserted the same Four Claims but with various changes [#133].  The Final Amended Complaint names 21 individual defendants.[1]  The claims against four of them were later dismissed.  Order, September 15, 2011 [#144].  The case was later reassigned to this Court.

**Conclusions**

**[Plaintiff's] Objection to Pretrial Order [#112]**

Plaintiff objects to the magistrate judge's order of April 4, 2011 which denied plaintiff's motion for a second extension of time to disclose expert witnesses.  The motion was denied without prejudice with an indication that the court would reconsider the motion upon a showing of the kinds of experts plaintiff anticipates soliciting and how he intends to fund their services.

---

[1] The caption lists 20 defendants.  However, it is evident from the body of the Final Amended Complaint, and previous proceedings in the case, that plaintiff also intended to include David M. Shepard, M.D., as a named defendant.

[#100]. Plaintiff objects on grounds that he would like to have an expert in the field of environmental engineering/indoor air quality; a rabbinical expert in kosher meal provisions; and a pharmacologist/psychiatrist. However, he is indigent and hopes to retain up to four experts on a contingency fee basis.

In the first place the motion was denied without prejudice, so this objection is largely moot. Second, it is highly doubtful that any expert would agree to be retained on a contingency fee basis. Expert testimony is supposed to be independent, and serving on a contingency basis would raise ethical as well as credibility concerns. Finally, whether expert testimony on any subject would be relevant depends upon the outcome of a pending dispositive motion. For all these reasons the objection is DENIED.

### [**Plaintiff's**] Motion Seeking Leave of Court [#160]

This motion is DENIED for the reasons set forth below in respect to the magistrate judge's recommendation [#176].

### Recommendation of United States Magistrate Judge [#176]

By way of background, plaintiff filed his original Prisoner Complaint on March 5, 2010 [#3]. He tendered but then withdrew a Second Amended Complaint. His Amended Complaint was filed on May 3, 2010. Plaintiff then filed what he labeled his "Third and Final Amended Complaint" on June 7, 2010 [#18]. On November 2, 2010 the magistrate judge conducted a preliminary scheduling conference and set a deadline of December 17, 2010 to amend pleadings. [#54].

On November 26, 2010 plaintiff moved to amend his complaint to change the list of named defendants [#56]. This was denied without prejudice for failure to tender an amended complaint [#58]. On December 21, 2010, however, the magistrate judge granted plaintiff's

4

motion to extend the deadline for plaintiff to file another amended complaint to January 18, 2011.  [#62].

After the magistrate judge recommended that defendants' motion to dismiss the Third and Final Amended Complaint be granted as set forth in her order [#63], plaintiff on January 24, 2011 tendered another amended complaint [#64].  The magistrate judge deemed #64 to be a motion to amend and recommended that it be granted in part and denied in part [#113].  Plaintiff objected to the recommendation [#117].  Judge Brimmer then directed plaintiff to file another amended complaint, restricted as set forth in the order [#131].  That led to plaintiff's filing his "Final Amended Complaint" [#133] on July 11, 2011.

Judge Brimmer then, *sua sponte,* ordered that the claims against four defendants (Butterfield, Dewalt, Determan and Hughes) set forth in the Final Amended Complaint be dismissed. [#144].  The Court found that the four individuals were not previously named as defendants; that plaintiff had not sought leave to add them as additional defendants; and, implicitly, that adding those defendants was not consistent with the Court's previous order granting leave to amend.  Plaintiff promptly filed a "Motion Seeking Leave of Court" [#148] asking the Court to reconsider its order dismissing the claims against the four newly added defendants.  He advised the Court that he had "reserved the right" in previous versions of his complaint to pursue claims against "all unnamed individual (sic) that directly participated in the wrongs claimed in this action;" asserted that the four individuals fit within that category; and reminded the Court that *pro se* pleadings should be held to a less stringent standard.  *Id.* at 1-3.  The magistrate judge denied that motion without prejudice, because plaintiff had not tendered another amended complaint.  [#153].

Plaintiff then filed his "Motion Seeking Leave of Court" [#160] on October 26, 2011. Plaintiff again asked the Court to reconsider Judge Brimmer's *sua sponte* order dismissing the claims against the four newly added defendants, and he tendered his proposed "Fourth & Final Amended Complaint." [#160-1]. Magistrate Judge Tafoya recommends that this motion be denied. She noted that the deadline for amending pleadings had been set for December 17, 2010 but then extended to January 18, 2011. Plaintiff acknowledged that he identified the four additional individuals through the discovery process in January 2011. However, he did not seek to add them as defendants until July 11, 2011. After Judge Brimmer dismissed the four new defendants, plaintiff did not seek to amend to add the four individuals back into the case until October 3, 2011. After that motion was denied, he filed the pending motion on October 26, 2011.

The magistrate judge found that plaintiff had provided no explanation for his delay in seeking leave to amend. He attempted to add the four individuals when he filed his Final Amended Complaint on July 11, 2011, approximately six months after the expiration of the extended deadline for amendment of pleadings; and ultimately moved for leave to amend to add the four defendants approximately nine months after the deadline had passed. The magistrate judge found that motion #160 was untimely.

I agree with the magistrate judge. I recognize, and the record of this case reflects that the magistrate judge recognizes, that *pro se* pleadings should be judged by a more liberal standard. Likewise, I recognize the difficulties that inmates sometimes have in identifying individuals who are responsible for the wrongs of which they wish to complain. I recognize that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires. Finally, I recognize that the case has not yet been set for trial.

However, the record of the case also reflects that leave to amend has in fact been freely granted. Plaintiff has been permitted to file several versions of his complaint. However, the magistrate judge set a reasonable deadline, which was approximately 10 months after the case was originally filed. Notwithstanding the deadline, plaintiff has been permitted to amend his complaint again. The only thing he was not allowed to do was to add more defendants, and as indicated, his attempt to do so came some six months after he had discovered their identities but had allowed the deadline for amendment of the pleadings to pass. Upholding the deadline in these circumstances was well within the discretion of the magistrate judge.

Moreover, there is a motion for summary judgment pending. It was timely filed on the November 16, 2011 deadline set by the magistrate judge. *See* [#151]. It is unreasonable to expect the defendants continually to have to adapt to a "moving target" as plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to frame his claims against specific defendants. This Court considers a magistrate judge's ruling on a non-dispositive motion for clear error. Fed. R. Civ. P. 72(a). Even if the denial of leave to amend were considered "dispositive," however, and the Court considered the matter de novo, the result would be the same. The Court finds and concludes that, in consideration of the totality of the record in this case, justice does not require that leave to amend be granted once again. The recommendation is ADOPTED.

**[Plaintiff's] Request for Status and/or Order [#256]**

Plaintiff reasonably requests that the Court indicate the status or issue a ruling on his motion to add the four defendants. The motion [#160] was filed on October 26, 2011. The magistrate judge's recommendation regarding that motion [#176] was issued on November 9, 2011. Plaintiff's objection to the recommendation was filed on December 12, 2011. Plaintiff

then filed this request for the status of his motion and for a ruling on April 9, 2012. The record of this case reflects that a huge number of pleadings and orders have been filed (the most recent entry is docket #291). Nevertheless, plaintiff deserved a ruling with a reasonable period of time, and it was not provided.

I have today addressed the motion and recommendation. To that extent this request [#256] is granted. However, to the extent that the request reiterates plaintiff's request to amend his complaint to add defendants Determan, Dewalt, Hughes and Butterfield, it is denied, consistent with the Court's rulings on docket #160 and #176.

**Order**

1. Objection #112 is DENIED.
2. Motion #160 is DENIED.
3. Recommendation #176 is ADOPTED.
4. Motion #256 is GRANTED IN PART and DENIED IN PART.

DATED this 13th day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge