IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-0515-RBJ-KMT

STEVEN HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL,
GEORGE DUNBAR,
TERRI BARTRUFF,
R. DANSDILL,
J. LENGERICH,
D. CONNORS,
G. SMETHERS,
L. BLAND,
V. DENT,
T. COLEMAN,
A. ORTEGA,
DR. SHEPARD,
G. SMITH,
C. MCCORMACK,
CROCKETT,  and
C. LAGUE,

    Defendants.

---

ORDER

---

    Mr. Haden is a *pro se* prison inmate housed at Buena Vista Correctional Facility (BVCF). Mr. Haden has brought four claims under 42 U.S.C. § 1983 alleging violations of his civil rights. In his first claim, Mr. Haden alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated because of living conditions at BVCF including asbestos, poor air circulation, fluctuating temperatures, and the presence of mice, insects, and mold. In his

second claim Mr. Haden alleges that he was denied adequate medical care, because he was periodically denied access to medications used to treat his bipolar and anxiety disorders. In his third claim Mr. Haden alleges that his right to practice his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RILUPA) was violated, because he was not given Kosher meals after 2009, and the Kosher meals he was given were not prepared properly. Finally, in his fourth claim, Mr. Haden alleges that some of the defendants retaliated against him for filing grievances and lawsuits.

The defendants filed a motion for summary judgment, and this Court referred that motion to Magistrate Judge Tafoya. On August 30, 2012 Magistrate Judge Tafoya issued her report and recommendations. Following the issuance of a magistrate judge's recommendation on a dispositive matter, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.*

Mr. Haden requested several extensions to file his objections. Finally, on December 7, 2012 Mr. Haden filed his objections in a 74 page document that included new affidavits. Rule 72 requires objections to be specific. Fed. R. Civ. P. 72(b)(2). Although Mr. Haden's objection is long with detailed recitations of the law, at no point does he cite to any specific errors in Magistrate Judge Tafoya's factual findings or legal analysis. "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *United States v. One*

*Parcel of Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "objections should not be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."  *Rosado-Gonzalez v. Alejandro Otero Lopez Hosp.*, 836 F. Supp. 2d 48, 51 (D.P.R. 2011).

Because Mr. Haden did not specifically object to Magistrate Judge Tafoya's recommendation, this Court has great discretion in determining what level of scrutiny to use in reviewing the recommendation.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate.")  However, because Mr. Haden is a *pro se* plaintiff, and the Court liberally construes a *pro se* plaintiff's filings, the Court has chosen to review the magistrate judge's recommendation *de novo.*

After reviewing Magistrate Judge Tafoya's report and recommendation, this Court agrees that defendants are entitled to summary judgment.  For the first claim, Mr. Haden has failed to establish that any violations were sufficiently serious to amount to a constitutional violation, and further, even if Mr. Haden were able to satisfy the objective component, he has not provided evidence to show that the defendants were deliberately indifferent to his health or safety.  Similarly, for his second claim, Mr. Haden has not provided evidence to show a sufficiently serious medical deprivation, and he has not shown that the defendants were deliberately different to his health or safety.

Because Mr. Haden did not exhaust his administrative remedies, his third claim is barred.  Finally, Mr. Haden's retaliation claim is limited to a claim against Mr. Lague, because Mr. Haden did not exhaust his administrative remedies for other allegations of retaliation.  Mr. Haden has not presented facts to show that if Mr. Lague participated in unprofessional conduct against Mr. Haden it was in retaliation for Mr. Haden exercising his constitutional rights.

**Order**

Magistrate Judge Tafoya's recommendation [#276] is ADOPTED. Defendants' motion for summary judgment [#177] is GRANTED. The claims against all defendants except Dr. Shepard, who was not a party to the motion, are dismissed with prejudice. The parties are directed to contact Chambers promptly to set an early trial date on the remaining claims.

DATED this 29th day of January, 2013.

BY THE COURT:

*[signature: Brooke Jackson]*

_____

R. Brooke Jackson