IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-0515-RBJ-KMT

STEVEN HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL,
GEORGE DUNBAR,
TERRI BARTRUFF,
R. DANSDILL,
J. LENGERICH,
D. CONNORS,
G. SMETHERS,
L. BLAND,
V. DENT,
T. COLEMAN,
A. ORTEGA,
DR. SHEPARD,
G. SMITH,
C. MCCORMACK,
CROCKETT,  and
C. LAGUE,

    Defendants.

ORDER

Mr. Haden is a *pro se* inmate currently housed at Buena Vista Correctional Facility (BVCF). In March 2010 he filed four claims under 42 U.S.C. § 1983 alleging that his rights had been violated while he was incarcerated [docket #3, amended complaint #133]. In his first claim, Mr. Haden alleged that his Eight Amendment right to be free from cruel and unusual punishment was violated because of poor living conditions at BVCF including asbestos, poor air circulation,

fluctuating temperatures, and the presence of mice, insects, and mold.  In his second claim Mr. Haden alleged that he was denied adequate medical care in violation of the Eight Amendment because he was periodically denied access to medications used to treat his bipolar and anxiety disorders.  In his third claim, Mr. Haden alleged that his right to practice his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RILUPA) was violated because he was not given Kosher meals after 2009, and the Kosher meals he was given were improperly prepared.  In his fourth claim, Mr. Haden alleged that some of the defendants retaliated against him for filing grievances and lawsuits.

All of the defendants except for Dr. David M. Shepard filed a motion for summary judgment and this Court referred the motion to Magistrate Judge Tafoya.  Magistrate Judge Tafoya recommended that all of Mr. Haden's claims be dismissed.  [#276].  The magistrate judge also recommended per 28 U.S.C. § 1915(a)(3) that Mr. Haden not be permitted to file an appeal *in forma pauperis* because any appeal would not be made in good faith.  Mr. Haden filed objections to the magistrate judge's report and recommendations in a 74 page document.  [#295].  This Court found that although lengthy, Mr. Haden's objection did not cite to any specific errors in the recommendation as required by Federal Rule of Civil Procedure 72(b)(2).  However, because Mr. Haden was a *pro se* plaintiff, and the Court construes *pro se* filings liberally, the Court chose to review the magistrate judge's recommendation *de novo*.

Following *de novo* review, the Court adopted Magistrate Judge Tafoya's recommendation on January 29, 2013.  [#299].  The Court found that in his first two claims, Mr. Haden could not show that the defendants were deliberately indifferent to his health or safety.  The Court found that Mr. Haden's third claim was barred because he failed to exhaust his administrative remedies.  Finally, the Court found that Mr. Haden's fourth claim was limited to

Mr. Lague because Mr. Haden did not exhaust administrative remedies as to the other defendants. The retaliation claim against Mr. Lague failed because Mr. Haden failed to show that if Mr. Lague participated in unprofessional conduct it was in retaliation for Mr. Haden exercising his constitutional rights.

Dr. Shepard filed a motion for summary judgment for the only claim asserted against him, claim two, in February 2013. [#301]. The Court granted Dr. Shepard's motion on March 28, 2013. [#308]. The Court found that Mr. Haden had not alleged facts to show that Dr. Shepard was deliberately indifferent and granted summary judgment. The Court further directed "that a final written judgment be entered dismissing that case and all claims with it with prejudice."

Mr. Haden has now filed this motion asking the Court to alter or amend its orders granting summary judgment. [#316]. In the alternative, Mr. Haden asks this Court to grant him leave to appeal the orders of summary judgment.

**Conclusions**

A party seeking reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). The Court may grant a motion to alter or amend a judgment "where it is necessary to correct manifest errors of law," and this Court is vested with considerable discretion. *Brown v. Presbyterian Healthcare Servs.,* 101 F.3d 1324 (10th Cir. 1996). Similarly, a Rule 60(b) motion is within the sound discretion of the trial court and the moving party bears the burden of establishing that he is entitled to relief. *Abel v. Tinsley,* 338 F.2d 514, 516 (10th Cir. 1964). Rule 60(b) relief "is extraordinary and may only be granted in exceptional

circumstances." *Zurich North America v. Matrix Serv. Inc.,* 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2000)).

In his motion to alter or amend the judgment, Mr. Haden does not cite to any specific mistakes that were made, offer any new evidence, or cite to any extraordinary circumstances. Instead, he uses this motion to attempt to relitigate issues that were not decided. Because Mr. Haden does not show that the judgment contained a manifest error of law or that special circumstances demand reconsideration, his motion to alter or amend the judgment is denied.

In the alternative, Mr. Haden asks this Court to grant him leave to appeal the orders of summary judgment *in forma pauperis* pursuant to 28 U.S.C. § 1915. In her opinion recommending that this Court grant summary judgment for the defendants, the magistrate judge also recommended that pursuant to 28 U.S.C. § 1915(a)(3) Mr. Haden should be denied *in forma pauperis* status for any appeals because such appeals would not be taken in good faith. [#276]. In adopting the magistrate judge's recommendation to grant the defendants' motion for summary judgment, this Court did not clarify whether it was also adopting the magistrate judge's recommendation to certify that any future appeals would not be taken in good faith. The Court takes this opportunity to clarify that it did not adopt that portion of the magistrate judge's recommendation. The "threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor." *Miranda v. United States*, 458 F.2d 1179, 1181 (2d Cir. 1972). Because rational arguments on law or fact could be made, this Court does not agree that any appeal would be in bad faith. Accordingly, there are no barriers imposed by this Court to limit Mr. Haden's ability to proceed *in forma pauperis*.

**Order**

Motion #316 is GRANTED IN PART AND DENIED IN PART. To the extent that it asks that the Court alter or amend its judgment it is DENIED. To the extent that the motion requests that the Court grant leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 it is GRANTED.

DATED this 29th day of July, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge